## THE OGLETHORPE STEAM SAW MILL COMPANY *vs.* WILLIAM C. PERKINS & Trustee.

By *St.* 1794, *c.* 65, and Rev. Sts. *c.* 109, and until *St.* 1845, *c.* 188, took effect, a person, who was charged as trustee in the process of foreign attachment, had no remedy for his costs and expenses, if the effects in his hands, belonging to the principal defendant, were insufficient to discharge them

THIS action was brought at the April term of the court of common pleas, in 1844.    On the first day of that term

William A. Cheever, who was summoned as trustee of the principal defendant, appeared by his attorneys, and filed a general answer, stating that, at the time when the writ was served on him, he had not any goods, effects or credits, in his hands or possession, belonging to the said defendant, and submitting himself to be examined on oath. On the same day, the plaintiffs' counsel filed interrogatories, to which said Cheever, on the ninth day of said term, filed his answers on oath, disclosing the amount of eighty nine cents only in his hands, belonging to the principal defendant. At a subsequent term of said court, the plaintiffs recovered judgment against the principal defendant, and their counsel moved that said Cheever be charged as trustee, upon his answers. His counsel contended that he ought not to be charged as trustee, inasmuch as he had been put to trouble and expense, and his legal fees for travel, attendance, &c. amounted to more than thirty dollars, and if he should be adjudged to be trustee of said defendant, he should have judgment against the plaintiffs for the balance of his costs, after deducting the amount in his hands. But the court ruled that he should be charged as trustee, and have no judgment for costs. To this ruling the said trustee alleged exceptions.

*Dudley*, for the trustee.

*Andrew*, for the plaintiffs.

SHAW, C. J. The only question in this case is, whether upon the facts disclosed the trustee can have a judgment against the plaintiffs for his costs. This depends upon the construction of the Rev. Sts. *c.* 109, §§ 49, 50, 51.

In order to arrive at the true construction of these provisions, it maybe useful to see how the law previously stood. By *St.* 1794, *c.* 65, § 3, it was provided, that if a trustee were discharged, having come into court the first term, he should have a judgment for his taxable costs, against the plaintiff; and so, by § 4, where the plaintiff did not support his action But where the action was supported and the trustee charged as having effects, it is believed that no legal provision was made for allowing costs, prior to 1830. The practice, it is under-

49 *

stood, was, in such case, for the trustee, when called on to pay over on execution, to deduct from the effects in his hands the amount of his reasonable costs, and pay over the residue. If the creditor were dissatisfied with the amount of such deduction, his only remedy was to bring *scire facias ;* and if upon *scire facias* brought to charge him with a surplus beyond what he had paid, it appeared to the court that he had deducted only his reasonable costs, the allowance was confirmed, and he was discharged ; otherwise, the plaintiff had judgment for the surplus.

By *St.* 1829, *c.* 128, (passed on the 13th of March 1830,) it was provided, that a person summoned as trustee might retain out of the effects of the principal debtor an amount sufficient to pay his reasonable counsel fees, and other necessary expenses occasioned by his being summoned and adjudged trustee ; the amount to be so retained, &c. to be determined by the court before whom he might be adjudged trustee.

Such was the state of the law when the revised statutes were passed ; and it appears to us that they were not intended to make any change in this respect. Sect. 49 of *c.* 109 declares in general terms that, " if any person summoned as trustee shall appear at the first term, and submit himself to an examination upon oath, he shall be allowed his costs for travel and attendance, and such further sum as the court shall think reasonable, for his counsel fees and other necessary expenses." This general provision, however, must be taken with reference to the preëxisting and to the ensuing provisions of the revised statutes, showing how these costs are to be allowed and paid. Sect. 50 directs that, " if such person shall be adjudged a trustee, his said costs and charges shall be deducted and retained out of the effects in his hands ; and he shall be chargeable for the balance only." Sect. 51 enacts that, " if such person shall be discharged by reason of his having no effects in his hands, or because the plaintiff shall not recover judgment against the principal defendant or for any other cause, his said costs and charges shall

be paid by the plaintiff, and the trustee shall have judgment and execution therefor accordingly."

Under these provisions, we think this trustee has no remedy for his costs, except to retain the amount out of what is in his hands, small as it is, and inadequate as it is to pay his costs. He cannot claim as one entitled to be adjudged not a trustee, under § 51; because the plaintiffs do recover judgment, and he has effects in his hands, and therefore is not entitled to have a judgment and execution against the plaintiffs. Under § 50, he can only deduct and retain out of the effects in his hands, whether the amount be small or large. The case was probably overlooked by the legislature, where a trustee would be charged as having some goods or effects in his hands, but insufficient to cover his costs. This *casus omissus*, if it was one, has now been provided for by *St.* 1845, *c.* 188, which authorizes a judgment, in such case, against the plaintiff.

*Exceptions overruled.*